UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. SCHOOL, | No. 2:20-cv-0004-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| DEPUTY OLIVIA RODRIGUES, DEPUTY RORY SONNIER, NEVADA COUNTY SHERIFFS DEPARTMENT, | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Defendants have filed a motion to dismiss the complaint pursuant to Federal Rule of

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   Under this standard, the court must accept as true the allegations of the complaint in
13   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a
17   complaint to include a short and plain statement of the claim showing that the pleader is entitled
18   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19   which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v.*
20   *Gibson*, 355 U.S. 41 (1957)).

21   According to the complaint, in September 2018 plaintiff was at his home in Nevada
22   County, California, when he noticed a Nevada County Sherriff's vehicle parked inside his
23   property's front gate. ECF No. 1. ¶¶ 8, 9. After plaintiff went outside to inquire as to why the
24   deputy was on his property, defendant Olivia Rodriguez, a deputy with the Nevada County
25   Sherriff's Department, ordered plaintiff to turn around and place his hands behind his back. *Id*.
26   ¶ 11. She allegedly informed plaintiff that he was being detained for "her safety." *Id*.

27   ──────────
28   Civil Procedure 12(b)(6). ECF No. 3. Because plaintiff's complaint must be dismissed for
     failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), defendants' motion is denied as moot.

1    Rodriguez, with the assistance of defendant Deputy Rory Sonnier, then removed plaintiff from his
2    property. *Id*. ¶ 15.  Thereafter, Rodriguez interrogated plaintiff's minor child outside the
3    presence of an adult. *Id*. ¶ 16.

4    At some point, plaintiff notified Rodriguez and Sonnier that his handcuffs were too tight,
5    but they ignored his pleas. *Id*. ¶ 17.  They also allegedly ignored plaintiff's requests to see an
6    attorney and to be immediately taken before a magistrate. *Id*. ¶ 18.  Plaintiff was eventually taken
7    to the Nevada County jail and processed through booking. *Id*. ¶ 19.  He claims that Rodriguez
8    never produced a warrant, nor read him his *Miranda* rights. *Id*. ¶¶ 12-13.  He also claims that
9    there were no exigent circumstances justifying his arrest. *Id*. ¶ 14.

10   The complaint also contains numerous allegations regarding two "Doe" defendants.  For
11   instance, plaintiff alleges that while he was in a holding cell, "Doe 1" stated that plaintiff would
12   not be released until he surrendered his firearms. *Id*. ¶ 34.  Plaintiff also claims "Does 1 & 2"
13   denied him access to counsel and questioned him without counsel being present. *Id*. ¶¶ 36.  The
14   complaint asserts claims under 42 U.S.C. § 1983 for violation of plaintiff's Second, Fourth, Fifth,
15   Sixth, and Fourteenth Amendment rights. *Id*. at 5-7.

16   As a threshold matter, plaintiff's claims for violation of his rights under the Second, Fifth,
17   Sixth, and Fourteenth Amendments appear to be asserted only against fictitiously named "Doe"
18   defendants. *See, e.g., id*. at 6 ("Plaintiffs [sic] Second Amendment right to keep and bear arms
19   was violated when Doe 1 came to Plaintiffs holding cell and stated plaintiff would not be released
20   until he surrendered his . . . Firearms.") (alleging his "Fifth Amendment right was violated when
21   he was questioned without counsel present" by "Does 1 & 2.") ("Sixth Amendment right was
22   violated when Does 1 & 2 denied Plaintiff access to Counsel."). The failure to identify these
23   defendants by name is problematic.  Unknown persons cannot be served with process until they
24   are identified by their real names, and the court will not investigate the names and identities of
25   unnamed defendants.  Further, should the plaintiff learn the true identify of these persons and
26   wish to add them as parties, Rule 15 (and if there is a statute of limitations issue, Rule 15(c)), and
27   not state court Doe pleading practices, provides the appropriate procedure for seeking leave to
28   /////

amend to add the defendants. Accordingly, these unnamed defendants are dismissed without prejudice.

More significantly, plaintiff's allegations are insufficient to establish a violation of his constitutional rights under § 1983. With respect to plaintiff's Second Amendment claim, he merely alleges that an unidentified defendant told him he could not be released until he surrendered his firearms. But he does not allege that he was forced to surrender his firearms, nor does he claim his stay in jail was extended for failure to turn over his guns. Accordingly, his allegations fail to demonstrate that his Second Amendment rights were infringed.

Plaintiff's allegations also fail to state a Fourth Amendment wrongful arrest claim. To prevail on a § 1983 claim for false arrest, a plaintiff must allege that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). Plaintiff claims a search warrant was not produced and that there were no exigent circumstances justifying his arrest. ECF No. 1 ¶¶ 12, 13. But he does not claim that there was no probable cause for his arrest.

Plaintiff also fails to state a Fifth Amendment claim. Plaintiff alleges he was questioned without counsel present, and that he cooperated with officers because he believed he would be released from custody. ECF No. 1 at 6. He also alleges Rodriguez did not provide him a *Miranda* warning at the time of his arrest. *Id.* at 3. Although not entirely clear, plaintiff appears to claim his Fifth Amendment rights were violated by the alleged failure to provide him with a *Miranda* warning. Under *Miranda v. Arizona*, police officers are required to notify suspects of their rights against self-incrimination and to counsel during custodial interrogations. 384 U.S. 436, 444 (1966); *U.S. v Cazares*, 788 F.3d 956, 980 (9th Cir. 2015). But plaintiff does not have a constitutional right to be notified of his rights. Instead, the *Miranda* admonishment serves to safeguard the Fifth Amendment right against self-incrimination. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) ("[T]he Miranda exclusionary rule [is] a prophylactic measure to prevent

4

1  violations of the right protected by the text of the Self–Incrimination Clause—the admission into
2  evidence in a criminal case of confessions obtained through coercive custodial questioning."").
3  Since plaintiff does not allege that he was compelled to make a self-incriminating statement, his
4  Fifth Amendment claim fails.
5        Plaintiff also fails to state a claim for violation of his Sixth Amendment right to counsel.
6  ECF No. 1 at 6.  "The Sixth Amendment guarantees that in all criminal prosecutions, the accused
7  shall enjoy the right to have the Assistance of Counsel for his defence." *Tornay v. United States*,
8  840 F.2d 1424, 1429 (9th Cir. 1988) (quotations and modifications omitted).  "It is firmly
9  established that the right to counsel attaches only at or after the initiation of adversary judicial
10 proceedings." *Id*. (quotations omitted).  Plaintiff's allegations are that he was denied counsel
11 during a custodial investigation shortly after his arrest, not after the commencement of criminal
12 proceedings.
13       Plaintiff also alleges a claim for violation of the Fourteenth Amendment.  ECF No. 1 at 6.
14 But it cannot be gleaned from the complaint what clause of the Fourteenth Amendment
15 defendants allegedly violated.  *See* ECF No. 1 at 6 (alleging violation of plaintiff's "Fourteenth
16 Amendment right(s) to locomotion, to be free from false arrest, false imprisonment, assault &
17 battery, & due process was deprived absent procedural due process by . . . seizing, searching,
18 arresting & imprisoning plaintiffs person without cause or bona fide criminal process & denying
19 plaintiffs right to be taken before [a] . . . neutral judge.").  Plaintiff's allegation fail to provide
20 sufficient notice as to the nature of his Fourteenth Amendment claim.  Accordingly, plaintiff's
21 Fourteenth Amendment claims must also be dismissed.  *See Jones v. Community Redev. Agency*,
22 733 F.2d 646, 649 (9th Cir. 1984).
23       Furthermore, plaintiff's § 1983 claims against the County of Nevada also fail because
24 plaintiff does not allege that his civil rights were violated pursuant to a policy or custom.  A
25 municipal entity or its departments (such as a county, a county jail, or a county employee acting
26 in an official capacity) is liable under section 1983 only if plaintiff shows that his constitutional
27 injury was caused by employees acting pursuant to the municipality's policy or custom.  *Mt.*
28 *Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City*

*Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff claims that Nevada County "maintains a policy or custom that subjects a person or persons to deprivations of procedural due process rights under color of state law." ECF No. 1 at 7. But he does not identify any specific policy or custom that resulted in a violation of his federally protected rights. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (To succeed on a Monell claim a plaintiff must establish that the entity "had a deliberate policy, custom, or practice that was the moving force behind the alleged constitutional violation he suffered") (internal quotation marks omitted) ); *Brown v. Contra Costa County*, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) ("Pursuant to the more stringent pleading requirements set forth in Iqbal and Twombly, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defendant itself, and these facts must plausibly suggest that plaintiff is entitled to relief.") (citing *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff will be granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must allege a cognizable legal theory and state sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, it shall clearly set forth the allegations that support each claim for relief. It shall also set forth plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended

1  complaint shall also use clear headings to delineate each claim alleged and against which
2  defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts
3  that support each claim under each header.
4      Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
5  make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
6  complete in itself.  This is because, as a general rule, an amended complaint supersedes the
7  original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
8  plaintiff files an amended complaint, the original no longer serves any function in the case.
9  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
10 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
11 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
12 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
13 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
14 may result in a recommendation that this action be dismissed.  *See* E.D. Cal. L.R. 110.
15     Accordingly, IT IS ORDERED that:
16     1.  Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.
17     2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.
18     3.  Defendant's motion to dismiss (ECF No. 3) is denied as moot.
19     4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
20 complaint.  The amended complaint must bear the docket number assigned to this case and must
21 be labeled "First Amended Complaint."  Failure to timely file an amended complaint in
22 accordance with this order will result in a recommendation this action be dismissed.
23 DATED: September 9, 2020.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE