UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. SCHOOL,<br><br>   Plaintiff,<br><br>   v.<br><br>OLIVIA RODRIGUES, *et al.*,<br><br>   Defendants. | Case No. 2:20-cv-00004-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>ECF No. 11 |

Defendants move to dismiss plaintiff's first amended complaint, which challenges the manner of his arrest on September 2, 2018. Defendants Olivia Rodrigues and Rory Sonnier are both deputies in the Nevada County Sheriff's Department.[1]

**Statement of Facts**

On the morning of September 2, 2018, plaintiff was at his home when he "noticed a Nevada County Sheriff Patrol vehicle parked inside his front gate." ECF No. 10 at 3. Plaintiff went outside and asked defendant Rodrigues why she was in his yard. *Id.* Defendant Rodrigues ordered plaintiff to turn around and then handcuffed him. *Id.* Arresting officers did not produce a warrant, read plaintiff his *Miranda* rights, inform him that he was under arrest, or give a reason

---

[1] Plaintiff also sues Doe defendants under *Monell* and the Second Amendment. The court has already informed plaintiff that he must amend his complaint to identify those defendants. He has not done so, and at this point here is no need to address these claims.

1

for his detention. *Id.* Defendants Rodrigues and Sonnier placed handcuffs on plaintiff so tightly that it caused him pain, and did not respond when plaintiff begged to have the handcuffs adjusted. *Id.* at 3-4. Plaintiff also demanded to speak with an attorney, but defendants refused. *Id.* at 4.

While plaintiff was detained, he demanded several times to be taken before a judge so that he could find out why he was being arrested or detained. *Id.* Defendant Rodrigues drove plaintiff in the patrol vehicle to the county jail, where he was deposited for booking. *Id.* A misdemeanor complaint was filed in state court on September 19, 2018, accusing plaintiff of battery and inducing false testimony. ECF No. 11-2 at 8-10.[2]

## Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and

---

[2] Defendants ask that the court take judicial notice of two documents filed in the Nevada County Superior Court case related to the arrest: the misdemeanor complaint and emergency protective order. ECF No. 11-2. These are public records whose authenticity is undisputed, so the court takes judicial notice of them. Fed. R. Evid. 201.

construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where a plaintiff appears without counsel in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## Discussion

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017).  To state a claim under § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"

*Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Here, there is little question that defendants Rodrigues and Sonnier were acting under color of state law, since they were on duty as sheriff's deputies. The question is whether plaintiff has alleged deprivations of his constitutional rights. I will consider each of his claims in turn.[3]

### *Fourth Amendment*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of 'reasonableness' upon the exercise of discretion by government officials, including law enforcement agents, in order to safeguard the privacy and security of individuals against arbitrary invasions . . . ." *Delaware v. Prouse*, 440 U.S. 648, 653-54 (1979) (internal quotation marks omitted). In assessing the permissibility of a particular law enforcement practice, the court balances its intrusion on an individual's Fourth Amendment interests against its promotion of legitimate governmental interests. *Id.* at 654. Plaintiff raises excessive force and wrongful arrest claims against defendants. Given the liberal construction afforded pro se litigants, the court finds that plaintiff has provided sufficient facts to state these claims.

On the excessive force claim, plaintiff alleges that he was handcuffed unreasonably and immediately when he came out to his yard to ask why the officers were present. He also claims that the handcuffs caused him pain and that defendants ignored his pleas to adjust them. Taking the factual allegations as true and making all reasonable inferences, plaintiff's allegations that defendant's painful application of handcuffs was unreasonably excessive under the circumstances state a claim.

Plaintiff is also protected from arrest without probable cause. *See, e.g.*, *United States v. Watson*, 423 U.S. 411, 417 (1976). "Probable cause exists where the facts and circumstances

---

[3] Defendants also argue that plaintiff's first amended complaint should be dismissed as untimely and for failure to format it as directed in the order granting leave to amend. Given plaintiff's unrepresented status and explanation of delay in his opposition to the motion, the court will not dismiss on these grounds.

1  within [the officers'] knowledge and of which they had reasonably trustworthy information [are]
2  sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has
3  been or is being committed [by the person to be arrested]." *Lassiter v. City of Bremerton*, 556
4  F.3d 1049, 1053 (9th Cir. 2009). According to plaintiff, he merely walked out of his house and
5  onto his lawn, then was detained without basis. He claims that he was not informed of any basis
6  for his detention or arrest, even when he questioned defendants. Plaintiff asserts that the officers
7  did not have cause for his arrest. Given the fact-sensitive inquiry necessary to reach a
8  determination of whether probable cause existed, I do not recommend dismissing plaintiff's false
9  arrest claim at this time.

### *Equal Protection*

The Equal Protection Clause guarantees that "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1, which the Supreme Court has described as "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Here, plaintiff does not allege that he was treated differently from similarly situated persons. Thus, plaintiff has not stated an Equal Protection claim.

### *Due Process*

"The Fourteenth Amendment protects individuals against the deprivation of property by the government without due process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). However, if a constitutional claim is covered by a specific constitutional amendment, then "the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (internal quotation omitted); *see also Shuey v. Cty. of Ventura*, No. 214CV9520ODWSHX, 2015 WL 6697254, at *7 (C.D. Cal. Nov. 3, 2015) (dismissing a procedural due process claim that duplicated plaintiff's Fourth Amendment claim). Here, plaintiff appears to assert that the circumstances surrounding his arrest and detention violate

procedural and substantive due process when they are already covered by the Fourth Amendment. *See* ECF No. 10 at 7.  Thus, dismissal of his due process claims is appropriate.

### *Fifth Amendment*

"No person shall . . . be compelled in any criminal case to be a witness against himself . . . ."  U.S. Const. amend. V.  To state a Fifth Amendment claim, plaintiff must allege that he made a coerced statement that is used against him.  *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003).  Plaintiff alleges that he was not given a *Miranda* warning, *see Miranda v. Arizona*, 384 U.S. 436, 469-73 (1966), but he does not assert that he made any statement, much less that a statement was used against him in a criminal case.  Thus, plaintiff fails to state a claim under the Fifth Amendment.

### *Sixth Amendment*

The Sixth Amendment guarantees a right to counsel for criminal defendants, but this right "never attaches until formal charges have been initiated 'by way of formal charge, preliminary hearing, indictment, information, or arraignment.'"  *United States v. Olson*, 988 F.3d 1158, 1162 (9th Cir. 2021) (quoting *Kirby v. Illinois*, 406 U.S. 682, 683 (1972)).  Plaintiff was not charged until September 19, so he has not stated a Sixth Amendment claim.

### **Conclusion**

Plaintiff has failed to state a claim under the Equal Protection Clause, Due Process Clause, Fifth Amendment, or Sixth Amendment.  Plaintiff has already been given leave to amend and further leave would be futile.[4]  Accordingly, it is hereby recommended that:

1. Defendants' motion to dismiss, ECF No. 11, be granted in part and denied in part.

2. Plaintiff's Equal Protection Clause, Due Process Clause, Fifth Amendment, and Sixth Amendment claims be dismissed.

3. This case be referred back for further proceedings.

I submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

---

[4] Plaintiff is obligated to amend his claims against Doe defendants once their identities are ascertained.

Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     August 30, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE